**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Sherman HART, Defendant-Appellant.**

**No. 72-2102**
**Summary Calendar.†**

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1972.

† Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

211

---

John M. Hancock, Jr., Virgil H. Shepard, Macon, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Willie Sherman Hart was convicted upon a trial by jury of two counts of an originally four-count indictment involving the operation of an illicit distillery[1]. The counts under which Hart was convicted charged him with carrying on the business of a distiller of spirituous liquors without having given a bond as required by law in violation of Title 26, U.S.C., Sections 5173 and 5601(a), and engaging in and carrying on the business of a distiller of spirituous liquors with intent to defraud the United States of the tax thereon in violation of Title 26, U.S.C., Section 5602. Following the jury verdict and judgment of conviction the trial court sentenced appellant to two concurrent one year and one day confinement sentences, and this appeal followed. We affirm.

The sole issues raised on appeal are closely related: (a) asserted error by the trial court in overruling appellant's motion for judgment of acquittal, and (b) the insufficiency of the evidence to justify conviction. The evidence at trial was conflicting. The government's case consisted in the main of the testimony of three revenue agents who observed enough activities of the defendant with respect to an illict distillery to establish guilt. The defense centered around a claim of alibi, that the defendant was working in the woods cutting pulpwood some miles away at the time of the officers' observation. The government's evidence, if believed by the jury, was amply sufficient to justify conviction, and of course to survive motion for judgment of acquittal. The disputed questions of fact were resolved adversely to appellant by the jury's verdict of guilty. See United States v. Gainey, 1965, 380 U.S. 63, 69–70, 85 S.Ct. 754, 759, 13 L.Ed.2d 658, 664; Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; McFarland v. United States, 5 Cir. 1960, 273 F.2d 417, 418–419.

The judgment of conviction is

Affirmed.

---

[1]. The other two counts charged possession of a still and distilling apparatus set up without being registered as required by law, in violation of Title 26, U.S.C., Sections 5179(a) and 5601(a), and possession of non-taxpaid distilled spirits in violation of Title 26, U.S.C., Sections 5205(a)(2) and 5604(a).